**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4224**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOEL CHRISTOPHER SIMCOX,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:03-cr-00248-JAB-1)

Submitted: July 7, 2011          Decided: August 1, 2011

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Christopher Simcox was sentenced to fifteen months' imprisonment following the revocation of his supervised release. Simcox's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issues for appeal but questioning whether the district court properly ran Simcox's sentence consecutive to an undischarged state sentence. Simcox filed a pro se supplemental brief raising essentially the same claim. The Government has declined to file a responsive brief. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. Crudup, 461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the

2

second step of the analysis to determine whether the sentence is plainly unreasonable.  Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Guidelines and the § 3553(a) factors applicable to supervised release revocation.  See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40.  A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed."  Thompson, 595 F.3d at 547 (internal quotation marks omitted).

Simcox argues that the district court erred in imposing his sentence consecutive to his undischarged term of state imprisonment because it constitutes double counting under U.S. Sentencing Guidelines Manual (USSG) § 5G1.3(b) (2009).  We conclude that § 5G1.3(b) is inapplicable here. Application Note 3(C) provides that "[s]ubsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has

3

had such probation, parole, or supervised release revoked." USSG § 5G1.3 cmt. n.3(c). Subsection (c) permitted the district court to impose Simcox's federal sentence to run consecutively to his state sentence. See USSG § 5G1.3(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Simcox, in writing, of the right to petition the Supreme Court of the United States for further review. If Simcox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simcox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4